UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION



| | |
|---|---|
| WILLIE DEWAYNE JAMES, individually and on behalf of all other persons in the State of Alabama who are similarly situated, | ] ] ] ] ] ] |
| Plaintiff(s), | ] ] |
| vs. | ]   CV-03-CO-0318-S ] |
| BILL PRYOR, Attorney General of Alabama, et al., | ] ] ] |
| Defendant(s). | ] |

MEMORANDUM OF OPINION

I. INTRODUCTION.

Presently before the court is a motion to dismiss, filed by the defendants on March 21, 2003. [Doc. # 8.] The issues raised therein have been fully briefed by the parties and are now ripe for decision. Upon due consideration, the court is of the opinion that the motion to dismiss is due to be granted in part and denied in part.

II. FACTS.

A. Plaintiff's criminal history.

Plaintiff Willie Dewayne James ("Mr. James") was convicted in 1987 in the Circuit Court of Talladega County, Alabama, of rape in the second decree for engaging in sexual activity with a female under the age of sixteen. He was twenty years of age at that time, and was sentenced to a prison term of ten years, suspended, with

five years probation. In suspending the plaintiff's sentence and granting probation, the trial court determined that the plaintiff did not pose a substantial danger to the community at large.

In 1993, Mr. James was convicted in the Talladega Circuit Court of assault in the first degree, a non-sex related crime; he received a sentence of twelve and one-half years, of which he served six and one-third years; and his probation was revoked. He was released from prison in March 1998, and returned to Talladega County to live, at which time he was required to comply with the Community Notification Act as a criminal sex offender.

B.  Alabama Community Notification Act.

The Community Notification Act ("CNA" or "the Act"), Ala. Code §§ 15-20-20 to 15-20-38, was enacted in 1996

> to assist local law enforcement agencies' efforts to protect their communities by requiring criminal sex offenders to register, record their address of residence, [and] to be photographed, [and] fingerprinted, to authorize the release of necessary and relevant information about criminal sex offenders to the public, [and] to mandate residency and employment restrictions upon criminal sex offenders.

Ala. Code § 15-20-20.1. The Act is Alabama's version of "Megan's Law," a term used to describe laws enacted in all fifty states in honor of Megan Kanka, "a seven year old New Jersey girl who was sexually assaulted and murdered in 1994 by a neighbor who, unknown to the victim's family, had prior convictions for sex offenses against children." *Smith v. Doe*, 123 S. Ct. 1140, 1145 (2003).

Under the Act, a person convicted of a criminal sex offense is subject to a number of requirements, including requirements that he register his address with the Alabama Department of Public Safety ("the Department"), Ala. Code § 15-20-22,; notify the Department if he ever wishes to change his address, *id.* § 15-20-23; provide yearly verification of his address, and have his fingerprints and photograph taken every year, *id.* § 15-20-24; and report any change in his legal name, *id.* § 15-20-36. Additionally, the Act imposes certain restrictions on where a person convicted of a criminal sex offense may reside and work, *id.* § 15-20-26; and requires the Chief of Police or Sheriff for any area to which a person convicted of a criminal sex offense relocates to notify neighbors and area schools and child care facilities of the presence of a convicted sex offender in the area, *id.* § 15-20-25. Finally, criminal sex offenders are subject to the requirements and restrictions of the Act "for life." *Id.* § 15-20-33.

    C.   Current prosecution of the plaintiff and procedural history of the instant litigation.

Sometime in 2002, Mr. James was arrested and charged with a violation of Ala. Code § 15-20-26(b), a provision of the CNS that restricts where a criminal sex offender may reside; his case was sent to the Grand Jury on January 28, 2003. (*See* Compl. ¶ 7 ("The [p]laintiff is now being prosecuted . . . for a violation of the residence and employment restrictions of § 15-20-26, Code of Alabama.").) He filed his complaint in the instant action, on

behalf of himself and all others similarly situated, on February 13, 2003, alleging claims under 42 U.S.C. § 1983, and seeking: a declaratory judgment that the CNS, on its face and as applied, violates the *Ex Post Facto* Clause of the United States Constitution, as well as the Due Process and Equal Protection Clauses of the Fourteenth Amendment; and an order enjoining the defendants from further enforcement of the CNS.

At some point between February 13, 2003, and March 26, 2003, Mr. James was indicted for a violation of Ala. Code § 15-20-26(b). The defendants filed the instant motion to dismiss on March 26, 2003, contending that the court should abstain from exercising its jurisdiction in this case under *Younger v. Harris*, 401 U.S. 37 (1971), and/or that some or all of the plaintiff's claims are due to be dismissed for failure to state a claim upon which relief may be granted. No hearings have been held, nor orders entered (with the exception of the court's standard Initial Order, entered on June 17, 2003) in this matter to date.

III. STANDARD.

The defendants argue that this case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) based on the doctrine of *Younger* abstention and because they claim the plaintiff has failed to state a claim upon which relief may be granted. It is well settled that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff

can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege facts showing that the defendant[s'] acts or omissions, done under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or the laws of the United States." *Emory v. Peeler*, 756 F.2d 1547, 1554 (11th Cir. 1985). In analyzing the complaint, the court must accept the facts as alleged as true and draw all reasonable inferences in favor of the plaintiff. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).

IV. DISCUSSION.

    A. *Younger* abstention.

The defendants argue that some of the plaintiff's claims are due to be dismissed under the doctrine of *Younger* abstention, which provides that federal courts should ordinarily refrain from interfering, whether by injunction or declaratory judgment, with a pending state criminal prosecution. *See Younger v. Harris*, 401 U.S. 37 (1971); *Samuels v. Mackell*, 401 U.S. 66 (1971). While *Younger* initially applied only where state criminal proceedings were pending at the time the federal complaint was filed, the doctrine's application has been expanded to situations in which "state criminal proceedings are begun against the federal plaintiff[ ] after the federal complaint is filed but before any proceedings of

substance on the merits have taken place in federal court." *Hicks v. Miranda*, 422 U.S. 332, 349 (1975). *See also Doran v. Salem Inn, Inc.*, 422 U.S. 922, 929 (1975) (*Younger* applies to cases in which the criminal proceedings are initiated while "the federal litigation [is] in an embryonic stage and no contested matter ha[s] been decided").

Although the indictment against Mr. James was not issued until after the complaint in the instant action was filed, it was issued at some time prior to March 26, 2001. Thus, it was issued either before or immediately after the defendants moved to dismiss this case. At the time the indictment was issued, the court had not held any hearings or entered any orders in this case; therefore, the court concludes that no "proceedings of substance on the merits" had occurred. *Hicks*, 422 U.S. at 349. Given that the instant litigation was "in an embryonic stage" when the indictment against Mr. James was issued, *Doran*, 422 U.S. at 929, the court is of the opinion that *Younger* abstention applies. As such, the court cannot enjoin or otherwise interfere with the state criminal proceedings, and Mr. James's claims for injunctive and declaratory relief with respect to the section of the CNS of which he has been accused of violating, namely Ala. Code § 15-20-26(b), are due to be dismissed.[1]

---

[1] The court concludes that none of Mr. James's other claims are subject to *Younger* abstention because the only violation of the CNS with which he has been charged arises out of Ala. Code § 15-20-26(b). As no criminal proceedings are pending against him as to alleged violations of any other sections of the Act,

B. Failure to state a claim.

The defendants contend that those of Mr. James's claims not subject to dismissal pursuant to the *Younger* doctrine are nonetheless due to be dismissed for failure to state a claim upon which relief may be granted. The defendants base this argument on the Supreme Court's recent decisions in *Smith v. Doe*, 123 S. Ct. 1140 (2003), and *Connecticut Department of Public Safety v. Doe*, 123 S. Ct. 1160 (2003), in which the Court upheld portions of Alaska's and Connecticut's Megan's Laws in the face of *Ex Post Facto* Clause and procedural due process challenges. Although the plaintiffs in the *Doe* cases raised constitutional challenges similar to those before the court in this case, the court concludes that Mr. James's remaining claims are due to withstand the instant motion to dismiss.

Specifically, while the court will be informed by the Supreme Court's holdings as to the constitutionality of the challenged portions of Alaska's and Connecticut's Megan's Laws, and its analyses thereof, because those laws are not identical to Alabama's CNS, the court concludes that the defendants arguments as to the applicability of the *Doe* decisions to the instant case are best left to be addressed at the summary judgment stage of the litigation. The Court's holdings in the *Doe* cases fall well short

---

*Younger* abstention is inapplicable to Mr. James's claims with respect to the balance of the Act.

of ruling that all provisions of all Megan's Laws pass constitutional muster. *See, e.g., Conn. Dept. of Pub. Safety*, 123 S. Ct. at 1165 ("[W]e express no opinion as to whether Connecticut's Megan's Law violates principles of substantive due process."). As such, the court cannot conclude, on the basis of the *Doe* decisions alone, that Mr. James can prove no set of facts in support of his claims which would entitle him to relief. *See Conley*, 355 U.S. at 45-46. Therefore, the defendants' motion to dismiss as to Mr. James's remaining claims is due to be denied.

V.   CONCLUSION.

In sum, the defendants' motion to dismiss is due to be granted to the extent the plaintiff seeks injunctive or declaratory relief with respect to the enforcement of Ala. Code § 15-20-26(b), the section he is accused of violating in pending state criminal proceedings. However, as to the balance of the plaintiff's claims, the motion to dismiss is due to be denied. The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this ___16th___ of July, 2003.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE