FILED
04 JUL 28 PM 3:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUL 28 2004

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE DEWAYNE JAMES, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] CV-03-CO-00318-S |
| | ] |
| TROY KING, Attoney General of Alabama, et al., | ] |
| | ] |
| Defendants. | ] |

MEMORANDUM OF OPINION

I.    Introduction.

On February 13, 2003, the plaintiff, Willie Dewayne James ("James"), filed suit against the defendants, Troy King, Alabama Attorney General; Col. W.M. "Mike" Coppage, Director of the Alabama Department of Public Safety; Steve Giddens, Talladega County District Attorney; Jerry Studdard, Talladega County Sherriff; and Alan Watson, Talladega Chief of Police.

James asserts claims under 42 U.S.C. § 1983 against the defendants alleging that provisions of the Alabama Community Notification Act ("CNA") are unconstitutional. Under the CNA, James, a convicted sex offender, is

45

subjected to a number of requirements and restrictions. On behalf of himself and others similarly situated, James sought in his complaint: a declaratory judgment that the CNA, on its face and as applied, violates the *Ex Post Facto* Clause of the United States Constitution, as well as the Due Process and Equal Protection Clauses of the Fourteenth Amendment; and an order enjoining the defendants from further enforcement of the CNA.

On March 21, 2003, the defendants filed a motion to dismiss James' claims, which the court granted in part and denied in part. Presently pending before the court are cross motions for summary judgment, filed by the parties on April 30, 2003. [Doc. ## 36 & 38.] The issues raised in the motions have been briefed by the parties, and are now ripe for decision. Upon due consideration, the defendants' motion for summary judgment is due to be granted in all respects. For the same reasons the defendants' motion is due to be granted, the plaintiff's motion for summary judgment is due to be denied.

II.   Facts.[1]

In 1987, James was convicted in the Circuit Court of Talladega County, Alabama, of rape in the second degree for having sex with a female under the age of 16. [Joint Stipulation of Facts ¶ 2, Doc. # 29.]  James was 20 years old at the time of his conviction, and was sentenced to a term of 10 years, suspended, with 5 years probation. [Id. at ¶ 3.]

In 1993, James was convicted in Talladega Circuit Court of assault in the first degree, and received a sentence of 12 ½ years. [Id. at ¶ 4.] Due to his assault conviction, James' probation was revoked for his rape conviction and he served the remaining term for the rape conviction. [Id. at ¶ 5.] In March 1998, James was released from prison and returned to Talladega County to live. [Id. at ¶ 6.]

The Community Notification Act, Ala. Code §§ 15-20-20 to 15-20-38, was enacted in 1996

---

[1]The facts set out below are gleaned from the parties' submissions of facts claimed to be undisputed, their respective responses to those submissions, and the court's own examination of the evidentiary record. All reasonable doubts about the facts have been resolved in favor of the nonmoving party. *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). These are the "facts" for summary judgment purposes only. They may not be the actual facts. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

> to assist local law enforcement agencies' efforts to protect their communities by requiring criminal sex offenders to register, record their address of residence, [and] to be photographed, [and] fingerprinted, to authorize the release of necessary and relevant information about criminal sex offenders to the public, [and] to mandate residency and employment restrictions upon criminal sex offenders . . . .

Ala. Code § 15-20-20.1. The CNA is Alabama's version of "Megan's Law," a term used to describe laws enacted in all fifty states in honor of Megan Kanka, "a seven year old New Jersey girl who was sexually assaulted and murdered in 1994 by a neighbor who, unknown to the victim's family, had prior convictions for sex offenses against children." *Smith v. Doe*, 123 S. Ct. 1140, 1145 (2003).

Under the CNA, a person convicted of a criminal sex offense is subject to a number of requirements, including requirements that he register his address with the Alabama Department of Public Safety ("the Department") (Ala. Code § 15-20-22); notify the Department if he ever wishes to change his address (§ 15-20-23); provide yearly verification of his address, and have his fingerprints and photograph taken every year (§ 15-20-24); and report any change in his legal name (§ 15-20-36). Additionally, the CNA imposes certain restrictions on where a person convicted of a criminal sex offense

may reside and work (§ 15-20-26); and requires the Chief of Police or Sheriff for any area to which a person convicted of a criminal sex offense relocates to notify neighbors and area schools and child care facilities of the presence of a convicted sex offender in the area (§ 15-20-25). Finally, criminal sex offenders are subject to the requirements and restrictions of the CNA "for life" (§ 15-20-33).

In 2002, James was arrested and charged with violation of Ala. Code § 15-20-26(a), because he resided within 2,000 feet of a school or child care facility.[2] [Joint Stipulation of Facts ¶ 7, Doc. # 29.] James filed his complaint in the instant action on February 13, 2003, alleging that the CNA was unconstitutional. [Compl., Doc. # 1.] The defendants filed a motion to dismiss on March 26, 2003, contending that the court should abstain from exercising its jurisdiction in the case under *Younger v. Harris*, 401 U.S. 37

---

[2]There seems to have been some confusion as to which section of § 15-20-26 James was accused of violating. Plaintiff stated in his Opposition Brief to Defendants' Motion to Dismiss that James was prosecuted under § 15-20-26(b). Although the court referred to § 15-20-26(b) in its opinion granting defendants' motion in part, the subpart of the statute had no bearing on the court's decision. The defendants then stated in its motion for summary judgment that the plaintiff was convicted for violating § 15-20-26(c) of the statute. This too was wrong. Both parties have always maintained that the plaintiff was prosecuted and convicted under the residency and employment restrictions of the CNA which is in fact § 15-20-26(a). The error was corrected by the parties in their subsequent briefs to the court.

(1971), and/or that some or all of James' claims were due to be dismissed for failure to state a claim upon which relief could be granted [Doc. # 8]. The court found that the *Younger* abstention doctrine applied and held that it could not enjoin or otherwise interfere with the state criminal proceedings, and James' claims for injunctive and declaratory relief with respect to the section of the CNA of which he had been accused of violating, specifically Ala. Code § 15-20-26(a), were dismissed. [Doc. # 14.] The court held that the *Younger* abstention doctrine was inapplicable to James' claims with respect to the balance of the CNA. [Id.] The court denied the defendants' motion to dismiss those claims for failure to state a claim upon which relief could be granted. [Id.] On October 15, 2003, James dismissed his class allegations. [Doc. # 22.]

On September 10, 2003, James pleaded guilty to a criminal violation of the CNA, reserving the right to appeal constitutional issues regarding his prosecution under the CNA, which he noticed on November 13, 2003. [Defs.' Reply Br. Ex. A.] Unless James' appeal is successful or his sentence is later altered, he will serve a three-year sentence, reverse split with two years'

probation followed by one year to serve in the penitentiary. [Joint Stipulation of Facts ¶ 23, Doc. # 29.]

James presently resides at 700 Howard Street, Talladega, Alabama 35160, but does not know how long he will live at that address, or what other housing opportunities may arise in the future. [Id. at ¶ 21.] James is presently unemployed but does not know how long he will be unemployed, or what employment opportunities may arise in the future. [Id. at ¶ 22.] James desires to be able to evaluate housing and employment opportunities without having to determine whether the residence or place of employment is within 2,000 feet of a school or licensed child care facility, as proscribed in § 15-20-26(a). [Id. at ¶¶ 21-22.]

III.   Standard.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and

identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

IV.     Discussion.

In his complaint, James challenged numerous provisions of the Alabama CNA. However, after careful review of the parties' briefs and submissions filed with their respective motions for summary judgment and responses thereto, it is evident that James is now challenging only Ala. Code § 15-20-26(a). [See Pl.'s Mot. Summ. J. at 2, n.1; See Pl.'s Resp. to Defs.' Mot. Summ. J.] Grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned. *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995). Therefore, the court will address James' claims only as they relate to Ala. Code § 15-20-26(a).

A.      The *Younger* Abstention Doctrine.

This court previously held in its July 16, 2003, Memorandum of Opinion, that James' claims under § 15-20-26(a) were due to be dismissed based on the doctrine of *Younger* abstention. [Doc. # 14.] The *Younger* doctrine provides that federal courts should ordinarily refrain from interfering, whether by injunction or declaratory judgment, with a pending state criminal prosecution. *See Younger v. Harris*, 401 U.S. 37 (1971).

Ala. Code § 15-20-26(a) states, "Unless otherwise exempted by law, no adult criminal sex offender shall establish a residence or accept employment within 2,000 feet of the property on which any school or child care facility is located." James was prosecuted and convicted for residing within 2,000 feet of a school or child care facility. James concedes that the specific violation, of which he was convicted and which he appealed in his state criminal case, is subject to *Younger* abstention. However, James contends that he was prosecuted and convicted only under the residency restriction of § 15-20-26(a), not the employment restriction. Thus, James asserts that *Younger* does not prohibit this court from addressing the employment restriction of § 15-20-26(a).

The court is of the opinion that the *Younger* doctrine applies to James' claims regarding § 15-20-26(a) in its entirety. Section 15-20-26(a), as it is written, encompasses both the residency and employment restrictions imposed on sex offenders. James was prosecuted and convicted under § 15-20-26(a) in its entirety and he has appealed his conviction to the Alabama Court of Criminal Appeals, asserting that both the residency and employment restrictions of § 15-20-26(a) are unconstitutional. Moreover,

this court has already dismissed James' claims under § 15-20-26(a) on *Younger* abstention grounds and thus declines to extract a phrase of § 15-20-26(a) and hold that *Younger* does not apply to it.

Because James violated the residency restriction of § 15-20-26(a), he argues that the Alabama Court of Criminal Appeals might not address the employment restriction contained within § 15-20-26(a). However, this uncertainty is not sufficient to warrant the federal court's intervention. By allowing the Alabama Court of Criminal Appeals the opportunity to address § 15-20-26(a), which James has appealed in its entirety, we honor the long established boundaries between federal and state courts by not "interfer[ing] with the legitimate activities of the State[]," *Younger*, 401 U.S. at 44-45.

B.  Article III Standing.

Alternatively, if the employment provision of § 15-20-26(a) should be considered separately from the residency requirement, James would not have standing to challenge that application of the statute. The three constitutional requirements for standing, all of which must be satisfied, are: "(1) an injury in fact, meaning an injury that is concrete and particularized,

and actual or imminent, (2) a causal connection between the injury and the causal conduct, and (3) a likelihood that the injury will be redressed by a favorable decision." *Granite State Outdoor Advertising v. City of Clearwater*, 351 F.3d 1112, 1116 (11th Cir. 2003).

James has not suffered an injury based on the employment restriction of Ala. Code § 15-20-26(a). James is presently unemployed. He states in his motion for summary judgment that he "has no way of knowing how long he may be unemployed, or what employment opportunities may arise in the future." [Pl.'s Mot. Summ. J. at 8, ¶ 22.] James has not established that he has been injured by § 15-20-26(a)'s employment restriction, only that it may bear on his future employment opportunities. However, it is also quite possible that James will find employment that does not come within the confines of § 15-20-26(a) and there will never be a need to address this restriction as it applies to him. Therefore, as James has not alleged an actual injury, he does not have constitutional standing to challenge § 15-20-26(a)'s employment restriction.

V.  Conclusion.

In sum, the court is of the opinion that the defendants' motion for summary judgment is due to be granted in all respects. For the same reasons, the plaintiff's motion for summary judgment is due to be denied. The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this 28th of July, 2004.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE